JUDGE PATTERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -

ARCS & ANGLES, INC. and
ZAHNER DESIGN GROUP LTD.,

07 CIV 8352

                        Plaintiffs,          **COMPLAINT**

    -against-                            **JURY TRIAL DEMANDED**

ROYAL PACIFIC CORPORATION,

                        Defendant.

RECEIVED SEP 2 5 2007 U.S.D.C. S.D.N.Y. CASHIERS

- - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs, Arcs & Angles, Inc. ("A/A") and Zahner Design Group Ltd. ("ZDG"), by their attorney, Peter M. Levine, for their Complaint, states:

### THE PARTIES

1.     Plaintiff A/A is a corporation organized and existing under the laws of the State of New York with its principal place of business at 174 Hudson Street, New York, New York 10013.

2.     Plaintiff ZDG is a corporation organized and existing under the laws of the State of New York with its principal place of business at 174 Hudson Street, New York, New York 10013.

3.     Upon information and belief, defendant Royal Pacific Corporation is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in the People's Republic of China.

4.     Upon information and belief, defendant maintains a place of business at 40-22 College Point Boulevard, Flushing, New York, and maintains a place of business at 14839 Proctor Avenue, City of Industry, California 91746.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of the claims brought under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.*, by virtue of 15 U.S.C.§ 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 (a).

6.      This Court has jurisdiction over the subject matter of the claim brought under the Patents Law of the United States, 35 U.S.C. § 101, *et seq.*, by virtue of 35 U.S.C.§281, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 (a).

7.      This Court has supplemental jurisdiction over the claim for unfair competition by virtue of 28 U.S.C. § 1338 (b), inasmuch as this claim is related to or forms part of the claims brought under the Trademark Laws or the Patent Laws of the United States.

8.      This Court has jurisdiction over the person of the defendant by virtue of section 301 of the New York Civil Practice Law & Rules, because, upon information and belief, defendant is doing, or has done for relevant periods of time, business in the State of New York.

9.      This Court has jurisdiction over the person of the defendant by virtue of section 302 of the CPLR, because, upon information and belief, defendant:

(a)     transacted business in the State of New York, and plaintiffs' claims arose out of that transaction of business; or

(b)     committed tortious acts within the State of New York, and plaintiffs' claims arose out of those tortious acts; or

(c)     committed tortious acts outside the State of New York causing injury to plaintiffs within the State, and defendant at all times relevant (i) regularly did or solicited business or derived substantial revenue from goods used or consumed or services rendered in the State of New York or (ii) expected or should reasonably have expected the acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce, and

plaintiff's claims arose out of those tortious acts.

10. Venue is proper in this District by virtue of 28 U.S.C.§§ 1391 and 1400.

## OPERATIVE FACTS

*The HOOKLESS® Trademark*

11. Plaintiff ZDG owns the trademark to the mark HOOKLESS® (the "HOOKLESS® Trademark").

12. The HOOKLESS® Trademark has been continuously used in interstate commerce since December 16, 1997.

13. The HOOKLESS® Trademark has been duly registered in the United States Patents and Trademark Office on the Supplemental Register as Registration No. 2,381,995.

14. The Registration for the HOOKLESS® Trademark is for "shower curtains which hang from integrated loop fasteners," in Class 24 (U.S. Classes 42 and 50).

15. The Registration for the HOOKLESS® Trademark is now outstanding and validly subsisting.

16. Plaintiff A/A sells products under the HOOKLESS® Trademark pursuant to an exclusive worldwide license from plaintiff ZDG, including HOOKLESS® brand shower curtains.

17. Plaintiff A/A has expended a substantial amount of effort, money, and other resources developing, manufacturing, distributing, and promoting the products sold under the HOOKLESS® Trademark.

18. Plaintiff A/A has devoted substantial time and resources promoting the HOOKLESS® Trademark.

19. The HOOKLESS® Trademark is closely associated with plaintiffs, and the HOOKLESS® Trademark designates the source of products sold by plaintiff A/A, including

3

HOOKLESS® brand shower curtains..

20.     Plaintiff A/A has acquired an excellent reputation because of the uniformly high quality of the products sold under the HOOKLESS® Trademark.

*Plaintiffs' Patents*

21.     Plaintiff ZDG is the owner of United States Patents No. 6,494,248 (the "248 Patent") issued December 17, 2002 for hanging products, including shower curtains.

22.     Plaintiff ZDG is also the owner of United States Patents No. 6,935,402 (the "402 Patent") issued August 30, 2005 for hanging products, including shower curtains (with the 248 Patent and 402 Patent being collectively referred to as the "Patents").

23.     Plaintiff A/A sells products covered by the Patents pursuant to an exclusive worldwide license from plaintiff ZDG.

*Defendant's Infringement of the HOOKLESS® Trademark*

24.     Defendant designs, manufactures, imports, and sells shower curtains.

25.     Defendant advertises, offers to sell, sells, and distributes shower curtains in this District and elsewhere in the United States through a web site located at http://www.royalpacific-usa.com.

26.     Defendant displays on its website images of HOOKLESS® brand shower curtains and other products sold by plaintiff A/A under the HOOKLESS® Trademark (the "Hookless Images").

27.     Upon information and belief, defendant deliberately copied the Hookless Images from the website maintained by plaintiff A/A, http://www.arcsandangles.com.

28.     Though the Hookless Images appear on defendant's website, there is no indication that any of the products displayed is a HOOKLESS® brand shower curtain or is a product sold by plaintiff A/A under the HOOKLESS® Trademark.

4

29. Defendant is displaying HOOKLESS® brand shower curtains as defendant's products rather than as products sold by plaintiff A/A under the HOOKLESS® Trademark.

30. Plaintiffs have notified defendant in writing of plaintiffs' rights and defendant's violations thereof.

31. Despite plaintiffs' demands that defendant cease and desist from engaging in infringing conduct, defendant has refused and has continued to violate plaintiffs' rights, mislead the public, and trade unfairly upon plaintiffs' reputation and goodwill.

***Defendant's Infringement of the Patents***

32. Defendant has engaged in the following activities without plaintiffs' authorization:

    (a) upon information and belief, manufacturing in the United States shower curtains embodying the claims covered by the Patents;

    (b) importing, using, selling, and offering to sell within the United States shower curtains embodying the claims covered by the Patents; and/or

    (c) actively inducing others to use and sell shower curtains embodying the claims covered by the Patents.

## FIRST CLAIM
### (Infringement of the HOOKLESS® Trademark)

33. All prior averments are repeated.

34. Without plaintiff's consent, defendant is using in commerce the Hookless Images in connection with the sale, offering for sale, distribution, advertising and promotion of shower curtains that are not the product of plaintiffs.

35. Defendant's use of the Hookless Images intrudes into the same field and markets as plaintiffs' business.

36. Defendant's use of the Hookless Images is likely to cause confusion or mistake among customers in this District and elsewhere in the United States as to the source of origin or sponsorship of shower curtains and related products, deceive customers into believing that defendant's products originate with, are sponsored or endorsed by, or are affiliated or in some way connected with plaintiffs, and create the impression that plaintiffs are responsible for the quality of that defendant's shower curtains and related products, when that is not, in fact, the case.

37. Upon information and belief, defendant has acted with the intent to cause injury to plaintiffs, to deceive and mislead the purchasing public, to trade on the goodwill and reputation of plaintiffs, to wrongfully obtain sales that should rightfully belong to plaintiffs, and to wrongfully appropriate valuable property rights of plaintiffs.

38. Defendant's use of the Hookless Images violates section 32(1) of the Lanham Act, 15 U.S.C. § 1114 (1).

39. Defendant is liable to plaintiffs for the infringement of the HOOKLESS® Trademark.

40. Defendant's conduct has damaged plaintiffs and will, unless enjoined, further impair, if not destroy, the value of the HOOKLESS® Trademark.

41. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM
### (False Designation of Origin)

42. All prior averments are repeated.

43. The display of the Hookless Images on defendant's website constitutes a false designation of origin, or a false or misleading description of fact, or a false or misleading representation of fact.

44. Defendant's use of the Hookless Images violates section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

45. Defendant is liable to plaintiffs for the false designation of origin.

46. Defendant's conduct has damaged plaintiffs and will, unless enjoined, further impair, if not destroy, the value of the HOOKLESS® Trademark.

47. Plaintiffs have no adequate remedy at law.

## THIRD CLAIM
### (Infringement of the 248 Patent)

48. All prior averments are repeated.

49. Defendant has been and now is infringing the 248 Patent.

50. Defendant's infringement has been wilful.

51. Defendant's infringing conduct has greatly and irreparably damaged plaintiffs and will continue to do so unless enjoined.

52. Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM
### (Infringement of the 402 Patent)

53.     All prior averments are repeated.

54.     Defendant has been and now is infringing the 402 Patent.

55.     Defendant's infringement has been wilful.

56.     Defendant's infringing conduct has greatly and irreparably damaged plaintiffs and will continue to do so unless enjoined.

57.     Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM
### (Unfair Competition)

58.     All prior averments are repeated.

59.     Defendant's acts constitute unfair competition in violation of the common law of the State of New York.

60.     Defendant's acts will continue, unless enjoined by this Court, to unjustly enrich defendant and to substantially damage plaintiffs' reputation, goodwill, and valuable property rights in the HOOKLESS® Trademark and in the Patents.

61.     Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs demand judgment against defendant as follows:

A.     *on the First Claim,*

(1)     enjoining defendant from using the images of HOOKLESS® brand shower curtains and other products sold by plaintiff A/A under the HOOKLESS® Trademark,

(2)     directing defendant to deliver up all catalogues, advertisements, and other materials bearing images of HOOKLESS® brand shower curtains and other products sold by

8

plaintiff A/A under the HOOKLESS® Trademark,

   (3) directing defendant to account to plaintiffs for any and all profits derived by defendant and all damages sustained by plaintiffs by reason of defendant's acts of infringement,

   (4) awarding to plaintiffs compensatory damages in the sum (i) of three times the amount of defendant's profits plus (ii) plaintiffs' damages, with interest thereon;

 B. *on the Second Claim*,

   (1) enjoining defendant from using the images of HOOKLESS® brand shower curtains and other products sold by plaintiff A/A under the HOOKLESS® Trademark,

   (2) directing defendant to deliver up all catalogues, advertisements, and other materials bearing images of HOOKLESS® brand shower curtains and other products sold by plaintiff A/A under the HOOKLESS® Trademark,

   (3) directing defendant to account to plaintiffs for any and all profits derived by defendant and all damages sustained by plaintiffs by reason of defendant's acts of infringement,

   (4) awarding to plaintiffs compensatory damages in the sum (i) of three times the amount of defendant's profits plus (ii) plaintiffs' damages, with interest thereon;

 C. *on each of the Third and Fourth Claims*,

   (1) enjoining defendant from importing, manufacturing, assembling, displaying, offering for sale, or selling any products embodying the claims covered by the Patents;

   (2) directing defendant to deliver up all infringing products in its possession or under its control,

   (3) directing defendant to deliver up all catalogues, advertisements, and

        other materials displaying any product embodying the claims covered by the Patents,

    (4)    directing defendant to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all molds and master models, used for making the infringing products;

    (5)    directing defendant to account to plaintiffs for any and all profits derived by defendant and all damages sustained by plaintiffs by reason of defendant's acts of infringement,

    (6)    awarding to plaintiffs compensatory damages in the sum of (i) a reasonable royalty for the use made by defendant of the Patents, plus (ii) defendant's total profit from the sale of any product embodying any claim covered by the Patents, with interest thereon, plus (iii) all damages sustained by plaintiffs as a consequence of defendant's infringement of the Patents, all with interest thereon;

    (7)    awarding to plaintiff treble damages pursuant to 35 U.S.C. §284 because of the knowing and willful conduct of defendant;

D.    *on the Fifth Claim,*

    (1)    enjoining defendant from using images of HOOKLESS® brand shower curtains and other products sold by plaintiff A/A under the HOOKLESS® Trademark,

    (2)    directing defendant to deliver up all catalogues, advertisements, and other materials bearing images of HOOKLESS® brand shower curtains and other products sold by plaintiff A/A under the HOOKLESS® Trademark,

    (3)    directing defendant to account to plaintiffs for any and all profits derived by defendant and all damages sustained by plaintiff by reason of defendant's acts of

infringement,

          (4)    awarding to plaintiffs compensatory damages in the sum of (i) three times the amount of defendant's profits plus (ii) plaintiffs' damages, with interest thereon;

    E.    *on each Claim,* awarding to plaintiffs their costs and disbursements of this action, including reasonable counsel fees, because of the deliberate and willful nature of the infringing activities of defendant sought to be enjoined hereby, which make this an exceptional case warranting such award: and,

    F.    *on each Claim,* granting to plaintiffs such other, further and different relief as the Court may deem just and proper.

## JURY DEMAND

PLEASE TAKE NOTICE that plaintiffs demand a trial by jury on all issues.

Dated: New York, New York
      September 24, 2007

                                              PETER M. LEVINE (PML-7630)
                                              Attorney for Plaintiff
                                              488 Madison Avenue, 19th Floor
                                              New York, New York 10022
                                              212-599-0009